Botnton, C. J.
The correctness of the ruling of tbe court below depends on whether tbe probate court of Clermont county had jurisdiction to entertain tbe complaint and give judgment thereon. Section 4 of chapter 1 of tbe act of May 5, 1877, regulating criminal procedure (74 Ohio L. 311), requires tbe magistrate before whom complaint is made in a peace proceeding, if, in bis opinion, there is just cause for tbe complaint, to recognize tbe accused to appear before tbe probate court of tbe county, if that court has jurisdiction of tbe matter, otherwise to appear before tbe court of common pleas. Tbe act of April 4, 1859 (2 S. & C. 1223), defining tbe jurisdiction of the probate court in the counties therein named, did not confer jurisdiction to entertain a complaint in a peace proceeding. . Tbe jurisdiction which that act conferred *79 related wholly to crimes and misdemeanors. These are offenses against the statute involving the punishment therein prescribed. They are acts of commission or omission in violation of law forbidding or commanding them. The object of a peace proceeding is to obtain security against the commission of a crime from one whose conduct is such as to afford a reasonable ground to believe that he contemplates an offense against the person or property of another. Such conduct, however, is not a crime or misdemeanor within the meaning of the statute, and hence was not embraced within the jurisdiction which the act aforesaid conferred on the probate court of Clermont county.
The next act which related to the subject was that of April 13, 1874 (71 Ohio L. 70), amending the second section of the code of criminal procedure. This act required the justice, if of the opinion that there was just cause for the complaint, to order the person complained of to enter into a recognizance to the court of common pleas; provided, however, that in counties wherein the probate court has jurisdiction of minor crimes and offenses, the recognizance should require the appearance of the accused at that court. What effect this act may have had upon the jurisdiction of the probate court of Clermont county, it is now unnecessary to inquire, as the act was repealed by the act of May 5, 1877.
We know of no other statute bearing on the question. Hence, as the legislation on the subject now stands, the probate court of Clermont county has no jurisdiction of a complaint certified up from a justice of the peace in a proceeding of the character of that which the court below dismissed. It follows that the court of common pleas erred in refusing to entertain the complaint.

Exceptions sústamed.